IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**PRECISE BORING OF OHIO, LLC,**
an Ohio limited liability company,

    **Plaintiff,**

v.

**KANAWHA FALLS PUBLIC SERVICE DISTRICT**, a public corporation and political subdivision of the State of West Virginia, **CARL HARRIS, JONATHAN GROSE,** and **DAN HILL,** in their official capacity as board members of the Kanawha Falls Public Service District,

    **Defendants.**

Case No. __2:18-cv-00783__
Honorable _____

## COMPLAINT

Now comes Plaintiff, Precise Boring of Ohio, LLC (Precise Boring), and pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, alleges as follows:

1. Plaintiff, Precise Boring, is an Ohio limited liability company licensed to do business in West Virginia.

2. Defendant, Kanawha Falls Public Service District (PSD), is a public corporation and political sub-division of the State of West Virginia. It is authorized by W. Va. Code § 16-13A-3 to sue and be sued.

3. Upon information and belief, Defendants Carl Harris, Jonathan Grose, and Dan Hill are current members of the PSD and residents of Fayette County, West Virginia.

## JURISDICTION

4. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different U.S. states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

## VENUE

5. Venue is proper in this District under 28 U.S.C. 1391(b)(1) because Defendants reside in this District.

6. Venue is further proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions which give rise to these claims occurred in this District and because a substantial part of the property at issue is situated in this District.

## BACKGROUND

7. On August 1, 2017, Plaintiff and Defendant PSD executed a written contact for construction of a water line crossing replacement (the Project) in the vicinity of Gauley Bridge, West Virginia. A copy of the Agreement Between Owner and Contractor for Construction Contract is attached hereto as Exhibit A.

8. The initial contract price for the Project was $258.955.00

9. On November 28, 2017, Plaintiff and Defendant PSD executed a written contract for additional work to be done under the initial contract. A copy of Change Order No. 1 is attached hereto as Exhibit B.

10. The amended contract price for the Project under Change Order No. 1 was $268,415.00.

no.
...

11. On December 19, 2017, Plaintiff and Defendant PSD executed a written contract for additional work to be done under the contract. A copy of Change Order No. 2 is attached hereto as Exhibit C.

12. The amended contract price for the Project under Change Order No. 2 was $278,622.00.

### COUNT I:  BREACH OF CONTRACT AGAINST PSD

13. Plaintiff has performed its obligations under the contract and its amendments.

14. Defendant PSD has not performed its contractual obligations. Specifically, Defendant PSD has not paid Plaintiff in full for the work it performed.

15. Defendant PSD owes Plaintiff $139,544.00 under the terms of the parties' contract and the amendments thereto.

16. Defendant PSD's failure to pay is a breach of the parties' contract.

17. As a direct and proximate result of Defendant PSD's breach, Plaintiff suffered the following damages:

   a. The amount due to Plaintiff under the terms of the contract, less any payments made by Defendant PSD.

   b. Reasonable expenses in reliance on defendant's performance of the contract.

   c. Loss of net profits.

## COUNT II: PERSONAL LIABILITY OF
## DEFENDANTS HARRIS, GROSE, AND HILL

18. Precise Boring re-alleges the above allegations as if included herein, and further alleges the following:

19. W. Va. Code § 16-13A-4(f) provides that members of a public service district board may be personally liable for the obligations of the PSD in the event of willful misconduct in the performance of their duties.

20. Upon information and belief, Defendants Carl Harris, Jonathan Grose, and Dan Hill (collectively, the Board) of the PSD have willfully and purposely disregarded the clear contractual obligations of the PSD.

21. The actions of the Board have no reasonable justification under the terms of the contract between Plaintiff and the PSD.

22. The Board breached its duty of good faith and fair dealing with Plaintiff by refusing to timely pay for the work Plaintiff performed.

23. Plaintiff has requested payment from Defendant PSD on multiple occasions.

24. The Board's failure to timely consider these requests results in a scenario in which Plaintiff is unable to collect money it is owed by Defendant PSD.

25. Upon information and belief, the Board has conspired to avoid paying Plaintiff what is fairly owed under the clear contractual obligation.

26. The Board's failures and willful misconduct have placed the PSD and its rate payers in the troublesome position of owing Plaintiff significant amounts of money.

27. The Board should be personally liable in the event that insufficient funds are available from the PSD to satisfy the judgment.

## COUNT III: SPECIAL RECEIVERSHIP AGAINST DEFENDANT PSD

28. Plaintiff re-alleges the above allegations as if included herein and further alleges the following:

29. W. Va. Code § 53-6-1 authorizes a court to appoint a special receiver when funds used to satisfy a claim are in danger of loss.

30. Plaintiff has a clear right to the funds for the satisfaction of its outstanding breach of contract claim against Defendant PSD.

31. Plaintiff can and will clearly demonstrate that Defendant PSD is in breach of its contractual obligations.

32. Plaintiff seeks an order compelling Defendant PSD to transfer the amount due Plaintiff to a special receiver pending resolution of this litigation against Defendant PSD.

33. Plaintiff requests that the Court appoint a special receiver and that the amount due Plaintiff be transferred to this receiver pending the outcome of the underlying breach of contract litigation between Plaintiff and Defendant PSD.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment in the amount of at least $139,544.00, plus pre-judgment and post-judgment interest to the extent provided under West Virginia law, along with costs, fees, and any other damages deemed appropriate by the Court. Plaintiff further requests that the Court appoint a special receiver and that the amount due Plaintiff be transferred to this special receiver pending resolution of the above-styled civil action.

Plaintiff demands a trial by jury as to all issues triable by a jury.

                                                **PRECISE BORING OF OHIO, LLC,**

                                                By: /s/ John F. Hussell, IV
                                                            Of Counsel

John F. Hussell, IV - WV Bar No. 6610
WOOTON, DAVIS, HUSSELL & ELLIS, PLLC
P.O. Box 3971
Charleston, WV 25339
(304) 345-9455
john.hussell@wwdhe.com